IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PATRICIA STERLING and
SANDRA BERNARD                                                                           PLAINTIFFS

V.                                                                     Civil Action No. 3:05-cv-424WS

UNIVERSITY MEDICAL CENTER;  ROBERT
KHAYAT, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS CHANCELLOR OF UMC;  ALBERT
CONERLY, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS VICE-CHANCELLOR AND C.E.O. OF
UMC;  PAUL TRUSSELL, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS DIRECTOR OF HUMAN
RESOURCES;  BARBARA SMITH, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS DIRECTOR
OF THE EQUAL EMPLOYMENT OFFICE;  JOHNNY
GILMORE, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS ASSISTANT DIRECTOR OF EEO;
STANLEY CHAPMAN, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES AS HEAD OF THE
INSTITUTIONAL REVIEW BOARD DEPARTMENT;
NANCY OLSON, IN HER INDIVIDUAL AND OFFICIAL
CAPACITIES AS ADMINISTRATIVE DIRECTOR OF
THE IRB;  KRISTY HENDERSON, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITIES AS SUPERVISOR
OF THE EMERGENCY ROOM DEPARTMENT OF
UMC;  TONY LAMBERT;  TIM COOPER;  JAMIE
SPENCER;  TEDESSA BURNES;  MARTY WADDLE;
TOMMY KILPRATRICK;  TERRY McCLOUD;
WILLIAM SLAYMAKER;  JONATHAN WILSON;
CRISTY BASS;  CHRIS BITNER;  PAULA FRENCH                              DEFENDANTS


**ORDER GRANTING REMAND**

Before the court is the motion of the plaintiff, Patricia Sterling, to remand this case to the Circuit Court for the First Judicial District of Hinds County, Mississippi pursuant to Title 28 U.S.C. § 1447(c), which provides in pertinent part that "[a] motion to remand the case on the basis of any defect in removal procedure must be made

within 30 days after filing the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded... ."  The defendants here, the University Medical Center, a medical facility operating under Mississippi law,[1] and the other above-named defendants, defend their second removal of this lawsuit from the Circuit Court for the First Judicial District of Hinds County, Mississippi.  In their removal papers, the defendants contend that removal is warranted here pursuant to this court's subject matter jurisdiction as provided by Title 28 U.S.C. § 1331,[2] federal question.

## BACKGROUND

This case initially was removed from state court to this federal forum by all the above named defendants on June 19, 2003, pursuant to Title 28 U.S.C. § 1441(a) which provides that an action filed in state court may be removed to federal court if the

---

[1] University Medical Center was established as a teaching hospital.  Mississippi Code Annotated § 37-115-25 (Rev. 2001) provides that, "[t]here shall be built, equipped and operated as a part of the medical school, a teaching hospital of the size of not less than three hundred fifty bed capacity, together with all ancillary buildings and physical facilities needful or proper for the establishment, operation and maintenance of such a hospital as a part of a fully accredited four-year medical school, including clinical and out patient services and all types of services deemed to be necessary or desirable as a part of the functioning of such a teaching hospital. Said teaching hospital shall be known as the University Hospital. There shall also be acquired and installed all needed equipment and supplies for the proper operation and maintenance of such medical school and hospital and other facilities for the purposes aforesaid. There shall be employed all needed personnel and services to operate said medical school and hospital and other facilities."  According to Mississippi Code Annotated § 37-115-31 (1972), the operational purpose of University Medical Center is to "serve the people of Mississippi generally" as well as "provide care and services to the indigent and persons on Medicaid."

[2] Title 28 U.S.C. § 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction exists if the party's right to relief requires resolution of a substantial question of federal law.  *Howery v. Allstate Insurance Company*, 243 F.3d 912, 917 (5th Cir. 2001).

action is one over which the federal court has subject matter jurisdiction. The plaintiffs, Patricia Sterling and Sandra Bernard, both former employees of the University Medical Center, are suing the Medical Center for four million ($4,000,000.00) dollars in compensatory and punitive damages, claiming outrageous and menacing actions taken against them by Medical Center employees and others to include racial slurs, threats of termination and other verbal assaults. Both Sterling and Bernard also claim that they were terminated from their employment because of their complaints about unfair treatment. Anticipating claims of discrimination and retaliation, the defendants removed the case to federal court claiming federal question jurisdiction under Title 28 U.S.C. § 1331,[3] Title 42 U.S.C. § 1983[4] and Title 42 U.S.C. § 2000e.[5]

The plaintiffs moved to remand the case to state court, asserting their intention to proceed strictly under state law, specifically on their claims of negligent and

---

[3] See fn. 2.

[4] Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

[5] Title 42 U.S.C. § 2000e-2(a) provides that "[i]t shall be an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; ..."

intentional infliction of emotional distress. The Honorable Tom S. Lee agreed and permitted remand. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (when both state and federal remedies are available, a plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction).

Upon returning to state court, the defendants undertook to obtain discovery from the plaintiffs. Counsel for plaintiff Sterling withdrew from her representation, and Sterling proceeded to answer the defendants' discovery requests without counsel. In response to the defendants' request that Sterling reveal the names of any persons who might have knowledge of facts relevant to the subject matter in question, Sterling outlined various racial slurs she had suffered and noted incidents she regarded to have been discriminatory in nature. She named individuals who allegedly had knowledge of these matters. The defendants say they regarded these assertions merely as the factual basis for Sterling's state law claims, and at that time did not undertake to remove the case once again to federal court because defendants were not convinced that Sterling had made allegations under Title 42 U.S.C. §§ 1983 or 2000e.

Then, the defendants say they scheduled Sterling's deposition. Sterling obtained new counsel and submitted herself for questioning. The defendants showed Sterling two Charges of Discrimination filed with the Equal Employment Opportunity Commission (EEOC) dated May 21, 2002, and May 31, 2002. Defense counsel then pressed the matter of Sterling's purpose for filing this lawsuit, having her acknowledge that her claims were based on discrimination and retaliation, and that "this was what

the lawsuit was all about." Counsel for the defendants also presented Sterling with another Charge of Discrimination she had filed in February of 2001, while working with another employer. Sterling acknowledged that she had filed that charge claiming discriminatory employment practices in the policy of giving raises. Then, defendants' counsel showed Sterling a copy of a letter sent to the University Medical Center by her previous attorney wherein the attorney stated that the Medical Center had violated federal law, specifically Title VII, race discrimination. This letter is dated May 30, 2002.

Based on Sterling's deposition, the defendants have again removed the lawsuit to federal court, claiming that "other paper," specifically Sterling's deposition, shows that Sterling now unequivocally intends to assert claims of discrimination and retaliation, claims which the defendants argue are cognizable only under federal law. Sterling moves to remand the case to state court, again insisting that this lawsuit asserts only claims under state law.

## **PERTINENT FACTS**

This lawsuit initially was filed in state court on May 9, 2003. The Charges of Discrimination relied upon in part by the defendants in support of their argument that removal is appropriate in this case are dated May 21, 2002, and May 31, 2002, respectively. According to Sterling's deposition, the first of these two Charges was rejected by the EEOC[6] and no right-to-sue letter was issued on this claim. The

---

[6]Sterling says she does not know why the first Charge was rejected, but it is not well written or clear with regard to what is being charged. The second Charge is type written and plainly sets forth Sterling's assertions.

second charge submitted on May 31, 2002, was never pursued by Sterling in the form of a employment discrimination claim in federal or state court. Sterling received a right-to-sue letter on her second Charge of Discrimination on July 30, 2003. The Dismissal and Notice of Rights explains that Sterling could file suit in state or federal court on her Title VII claims. Indeed, state courts have concurrent jurisdiction with federal district courts over Title VII cases. *Yellow Freight Systems, Inc. v. Donnelly*, 494 U.S. 820, 824-825, 110 S.Ct. 1566, 1569, 108 L.Ed.2d 834 (1990). Nevertheless, Sterling's complaint, filed in state court, makes no reference to a Title VII claim. Moreover, as the defendants note, Sterling never filed a Title VII claim within ninety days as required by Title 42 U.S.C. § 2000e-5(f)(1) which requires a putative plaintiff seeking to enforce rights under Title VII to sue within ninety days of receiving a right-to-sue letter from the EEOC. As noted by Sterling's current counsel, she has never filed a Title VII lawsuit based on claims in this case in any court. Sterling has not filed any new Charge of Discrimination with the EEOC regarding any claims against the defendants in this case.[7] Moreover, current counsel states in his brief in support of remand that "this is a state law case based on the same facts as plaintiff's Title VII EEOC charge."

---

[7]Title VII provides that, "[I]f the Commission dismisses a charge or if, within 180 days after a charge is filed, the Commission has not filed a civil action, "the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." Title 42 U.S.C. § 2000e-5(f)(1). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). No reference whatsoever has been made in this case to the doctrines of waiver, estoppel, and/or equitable tolling in order to avoid the 90-day limitation. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151-52, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

## ANALYSIS

### A. Res Judicata

Citing *S.W.S. Erectors, Inc. v. Infax. Inc.*, 72 F.3d 489, 492 (5th Cir. 1996), another case involving a subsequent remand, Sterling asserts that removal in this case is barred by the doctrine of res judicata because there are no new facts to establish a new basis for removal. In *S.W.S.* the United States Court of Appeals for the Fifth Circuit stated that "[a] remand order that expressly addresses the theory of federal jurisdiction does not have res judicata effect on subsequent removals based on the same theory, provided that the subsequent removal petitions allege a different factual basis for seeking removal. If the defendant raises a new factual basis, the new factual basis is not deemed adjudicated with the remand order and, therefore, is not barred by res judicata. *Id.* at 493." So, a second removal petition, submitted with new facts, is not prohibited by the doctrine of res judicata. Title 28 U.S.C. § 1446(b) provides in pertinent part that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable."

In the instant case, the defendants submitted Sterling's deposition as "other paper" and gave notice of removal within thirty days after the deposition was taken. Sterling responds that the defendants already were aware of all the matters raised in the deposition, the Charges of Discrimination and the first attorney's letter, at the time

this case first was removed. Thus, says Sterling, there are no new facts submitted with the second removal petition.

In *S.W.S. Erectors*, the Fifth Circuit accepted the defendant's submission of defendant's deposition as "other paper," stating that "[t]he deposition constitutes a new paper or event that changed the facts regarding the removableness of the case," despite the fact that there was no indication that the deposition could not have been taken prior to the first remand petition. *Id*., at 494. In the instant case, the defendants are traveling under the impression that Sterling's deposition presents a theory of her case which is contradictory to her prior assurance in this court that she was not seeking to bring a Title VII claim. In this court's view, this is barely sufficient to constitute "other paper" and to avoid Sterling's res judicata attack on removal; however, this is not the end of the story.

### B.  Sterling Still Asserts Only State Law Claims

The most significant assertion by either party is made by Sterling's current attorney, that "*this is a state law case* based on the same facts as plaintiff's Title VII EEOC charge." These "facts" include the alleged use of scurrilous terms, racial comments, references to using Ku Klux Klan hoods, robes and other regalia, the threat of a lynching, and other expressions which were directed toward Sterling and regarded by her to be extreme and outrageous.

The defendants insist that Mississippi law does not recognize a claim for intentional infliction of emotional distress based on Title VII facts. Defendants cite *Lee v. Golden Triangle Planning and Development District, Inc.*, 797 So.2d 845, 852 (Miss.

8

2001) (intentional infliction of emotional distress will not *ordinarily* lie for mere employment disputes).

According to Sterling, this matter involves more than just an employment dispute. Sterling cites *Raiola v. Chevron U.S.A., Inc.*, 872 So.2d 79, 85 (Miss. Ct. App. 2004), where the plaintiff argued that he was wrongfully terminated and that at a meeting discussing the termination, his employer called him a thief and made inappropriate remarks about his Italian heritage. The court held that the employer's conduct was not so extreme and outrageous as to justify redress under state law. *Id*. Sterling notes that the *Raiola* Court cited the case of *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994), where the plaintiff was subjected to extreme sexual harassment and humiliation which the company ignored and permitted to continue. The Fifth Circuit concluded that the defendants' conduct in *Prunty* was sufficiently extreme and outrageous to permit a claim under state law for intentional infliction of emotional distress. Sterling also cites *Eaves v. K-Mart Corporation*, 193 F.Supp.2d 887, 894 (S.D. Miss. 2001), which states that actionable conduct by a defendant must evoke outrage or revulsion to justify an intentional infliction claim. Sterling contends that she can prove in state court the requisite outrage or revulsion to support her state law claims. Otherwise, the defendants can seek dismissal in state court. *See Jenkins v. City of Grenada*, 813 F.Supp. 443, 446-47 (N.D. Miss.1993) (meeting the requisite elements of a claim for intentional infliction of emotional distress is a tall order in Mississippi).

**FEDERAL QUESTION JURISDICTION UNDER TITLE VII**

Removal statutes are to be strictly construed against removal. *Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir. 1996), citing *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). In the instant case, the complaint asserts psychological and emotional distress and consequent damage resulting from the defendants' alleged conduct. Nowhere does the complaint allege on its face a federal cause of action. Sterling is the architect of her own complaint and, as such, she may draw her allegations solely under state law should she so desire. *Healy v. Sea Gull Specialty Company*, 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915) ("the plaintiff is absolute master of what jurisdiction he will appeal to."); *The Fair v. Kohler Die & Specialty Company*, 228 U.S. 22, 23, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("the party who brings a suit is master to decide what law he will rely upon"); *Willy v. Coastal Corporation*, 855 F.2d 1160, 1167 (5th Cir. 1988).

The defendants claim that Sterling's claims are really being asserted under Title VII. Sterling's complaint, though, may raise a claim of intentional infliction of emotional distress, depending on the view of the state court. This court simply has nothing before it to establish with clarity that Sterling's complaint rests on claims falling within the realm of federal question jurisdiction. The defendants bear the ultimate burden of establishing federal jurisdiction and, in this court's view, that burden has not been met. *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 365 (5th Cir. 1995) (defendant bears the burden of establishing federal jurisdiction over a state court suit).

## **THE MATTER OF SANCTIONS**

Sterling ask this court to impose sanctions on the defendants for reasonable costs and fees incurred as a result of the defendants removing this case to federal court for the second time. Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This court, in its discretion, may award attorney fees and costs, "only if it was improper for the defendant(s) to remove" the case to federal court. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). *See also, Ferguson v. Security Life of Denver Insurance Company*, 996 F.Supp. 597, 604 (N.D. Tex. 1998) (holding that "[t]he propriety of removal is central to the determination of whether to imposes fees."). This court is not limited to a finding of bad faith, negligence or frivolousness, *Miranti v. Lee*, 3 F.3d at 928. Indeed, Title 28 U.S.C. § 1447(c), by its language, does not require bad faith as a precondition to an award of attorney fees and costs. *News-Texan, Inc. v. City of Garland, Texas*, 814 F.2d 216, 220 (5th Cir. 1987). Given the facts of the instant case, this court holds that an award of costs and attorney fees is warranted in the instant case. Plaintiff simply should not have to bear the expenses of defendants' second improvident removal. Therefore, the plaintiff may present a bill of costs and a request for reasonable fees dealing solely with being required to respond to the defendants' removal with a motion to remand and supporting memorandum.

## **CONCLUSION**

Therefore, in light of the foregoing, the motion of the plaintiff to remand this case to the Circuit Court for the First Judicial District of Hinds County, Mississippi, [**Docket No. 3-1**] is granted.

**SO ORDERED** this the 30th day of March, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT COURT JUDGE**


Civil Action No. 3:05-cv-424WS
Order Granting Remand